PER CURIAM.
The Borough of New Milford, in which is located the Brookches-ter Apartments whose tenants’ claims generated tax refunds, appeals from a Law Division judgment determining that unclaimed property tax refunds which the judge had previously ordered deposited into an escrow account should now be paid over to the Superior Court Trust Fund established pursuant to R. 1:21— 6(i). The Borough claims entitlement to administer the unclaimed refunds pursuant to its municipal rent leveling ordinance. The State of New Jersey, as intervenor in the person of the State Treasurer, also appeals contending that the property should be considered abandoned property subject to the Uniform Unclaimed *200 Property Act (1981), N.J.S.A. 46:30B-1 et seq. The Law Division opinion is published at 13 N.J.Tax 346 (Law Div.[1] 1993).
The trial judge determined that the Uniform Unclaimed Property'Act was inapplicable to the deposit in court of the rental refunds occasioned by a tax reduction. The judge directed that after payment of the tax refunds to each tenant whose whereabouts can be determined, the balance of the fund should be deposited “with the Superior Court Trust Fund, to be held and administered pursuant to R. 1:21-6(i).” 13 N.J.Tax at 359.
We fully agree with the trial judge’s conclusion that the local ordinance establishing a municipal repository for abandoned rent refunds is preempted by the Uniform Unclaimed Property Act. 13 N.J.Tax at 354-356. As so preempted, the portion of section I dealing with the treatment of such unclaimed refunds is void, and the procedure established in the State’s statute shall control. The judge properly noted that unclaimed property should be uniformly treated throughout the State of New Jersey. This was a goal set forth in the Unclaimed Personal Property Act, N.J.S.A. 46:30B-2, which even expresses the further principle that unclaimed property be uniformly treated throughout all of the states - that have enacted the uniform statute. As the judge observed: “No good reason can be advanced for treating abandoned intangible property one way in Essex County and another way in Camden County.” 13 N.J. Tax at 356.
We differ with the trial court judge, however, in the disposition of the refunds. The Attorney General argues that the funds should be remitted to the State Treasurer pursuant to N.J.S.A 46:30B-41.2 which reads:
■Except as otherwise provided in this article, any intangible property held by the executive, legislative, or judicial branch of the United States Government, or a state, or a county or municipal subdivision of a state, or any of their authorities, *201 agencies, instrumentalities, administrations, services or other organizations, and remaining unclaimed for more than one year after it became payable or distributable is presumed abandoned. [Emphasis added].
Other sections of the Act possibly could apply. Since the trial court judge had ordered the establishment of an escrow fund, N.J.S.A 46:30B-37 might apply. It provides:
Intangible property and any income or increment derived therefrom held in a fiduciary capacity for the benefit of another person is presumed abandoned unless the owner, within five years after it has become payable or distributable, has increased or decreased the principal, accepted payment of principal or income, communicated concerning the property, or otherwise indicated an interest as evidenced by a memorandum or other record on file prepared by the fiduciary. [Emphasis added].
Insofar as the escrow account ordered by the court might also be considered an attorney-held trust fund, we should consider R. 1:21 — 6(i) which provides an inconsistent disposition of such funds. It reads in relevant part:
Trust funds which remain unidentifiable or unclaimed, and funds which are held for missing owners, after being designated as such, may, after the passage of 1 year during which time a diligent search and inquiry fails to identify the beneficial owner or the whereabouts of a missing owner, be paid to the Clerk of the Superior Court for deposit with the Superior Court Trust Fund. The Clerk shall hold the same in trust for the beneficial owners or for ultimate disposition as provided by order of the Supreme Court.[2] [Emphasis added].
Similarly, since the judge ordered that the escrow account be deposited into court, N.J.S.A. 46:30B-41 might also be applicable. This section reads:
Intangible property deposited or paid, into the Superior Court or to the surrogate of any county in this State to the credit of a specific cause or account under the provisions of any law, order, rule, judgment, or decree and remaining unclaimed for a period of 10 years, shall be presumed abandoned. [Emphasis added].
We note that the quoted statutes provide for holding periods of one year, five years and ten years, and that the court rule provides for a one year holding period. But, since these refunds *202 were generated through tax appeals for the years 1975 through 1979, were tried in 1986, and were not ordered to be placed into the escrow account until the trial judge’s order of June 26, 1992, the one year and five year periods had expired at the time of the court order.
The trial judge had no problem determining that these tax refunds were “the type of property that was intended to be disposed of pursuant to the act.” 13 N.J.Tax at 356. We agree that they fit within the category of “refunds and unidentified remittances” set forth in N.J.S.A. 46:30B-6(i)(2). The judge, however, found that the character of the property changed when it passed into the escrow account established by order of the court. We disagree with this conclusion.
The funds remain the aggregate tax refunds for the tenants of the Brookchester Apartments during the subject years. They became the subject of litigation and, for the ease of handling, were ordered to be placed into an escrow account for investment while the individual interests were computed and the refunds remitted to the ascertainable claimants. This process did not change the character of the funds. The one-year abandonment presumption in N.J.S.A 46:30B-41.2 did not change to a five-year presumption under N.J.S.A. 46:30B-37 because the refunds were deposited into a fiduciary account. Nor did the abandonment period increase to ten years because the court ordered the escrow account balance to be paid into court. The funds, therefore, did not become subject to the ten year provision of N.J.S.A. 46:30B-41. The State’s power to control this unclaimed property as custodian subject to any bona fide claim of an owner thereof should not be thwarted by the court’s administrative orders either directing an escrow or a deposit into court.
In sum, we determine that the municipal attempt to retain the property was properly preempted. The court’s order of October 25,1993 directing deposit of the remaining funds into the Superior Court Trust Fund' is vacated. The one-year prerequisite under N.J.S.A. 46:30B-41.2 has long since been satisfied, and the intervening administrative orders of the court do not change the *203 State’s vested prerogative to administer these funds as unclaimed property. The court’s order directing the Tenants’ Association to divide and distribute the fund among ascertainable claimants need not be disturbed. The order, however, should be modified to direct the eventual payment to the State Treasurer rather than to the Clerk of the Superior Court. Except as so modified, the judge’s order of October 25, 1993 is affirmed substantially for the reasons set forth in the opinion of August 23, 1993.

 The report of the trial judge's opinion states that it is an opinion of the Tax Court of New Jersey. This is incorrect. The orders appealed from clearly note that they were entered in the Law Division, Bergen County, although the judge was a Tax Court judge, temporarily assigned to the Superior Court, Law Division.

 This inconsistency need not be resolved in the case before us. We suggest, however, that the Civil Practice Committee consider this issue and recommend an appropriate rules change to the Supreme Court so that in some future case there need not be a dispute between the Rules of Court implementing the Supreme Court’s governance of the legal profession and the Legislature’s inherent control over unclaimed property under the doctrine of bona vacantia.